UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LILLA MICHELLE MCGREGOR,<br><br>　　　　　　　　　Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　　　　Respondent. | Case No.: 13-CR-3569 W-1<br>　　　　　　16-CV-2754 W<br><br>**ORDER:**<br><br>**(1) DENYING PETITION FOR WRIT OF HABEAS CORPUS [13-CR-3569 W-1, DOC. 112]; AND**<br><br>**(2) DENYING AS MOOT APPLICATION TO PROCEED IN FORMA PAUPERIS [13-CR-3569 W-1, DOC. 114];** |

　　　Petitioner, proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 ("Petition"), along with an application to proceed *in forma pauperis* ("IFP"). [13-CR-3569 W-1, Docs. 112, 114.] The Court decides the matter on the papers submitted and without oral argument pursuant to Civil Local Rule 7.1(d)(1). For the reasons that follow, the Court **DENIES** the Petition and **DENIES AS MOOT** the application to proceed IFP.

1

On November 17, 2014, judgment was entered against Ms. Lilla Michelle McGregor for conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846.  (*Judgment* [13-CR-3569 W-1, Doc. 105].)  Ms. McGregor was sentenced to 97 months in the custody of the Bureau of Prisons, to be followed by five years' supervised release.  (*Id.*)

On November 4, 2016, Ms. McGregor filed the Petition.  [13-CR-3569 W-1, Doc. 112.]  In it, she argues that she had a minor role in the offense that led to her conviction, and that she should have been granted the relevant sentence reduction pursuant to U.S.S.G. § 3B1.2.  The commentary to U.S.S.G. § 3B1.2 was amended for clarification in November of 2015, after McGregor's sentencing.  See United States v. Quintero-Leyva, 823 F.3d 519, 521 (9th Cir. 2016).  That clarifying amendment applies retroactively to direct appeals.  Id. at 522.  McGregor argues that per that amendment, she should be entitled to a minor role reduction retroactively.  (*Pet.* [13-CR-3569 W-1, Doc. 112] 4–5.)

McGregor's Petition must fail.  Her plea agreement contains a waiver of the right to collaterally attack her conviction.  (*See Plea Agreement* [Doc. 65] 10:27–11:17 ("In exchange for the Government's concessions in this plea agreement, defendant waives, to the full extent of the law, any right to . . . collaterally attack the conviction.  Defendant also waives, to the full extent of the law, any right to . . . collaterally attack the sentence, including any restitution order, unless the Court imposes a custodial sentence above the high end of the guideline range as recommended by the Government, at the time of sentencing.").)  At the time of sentencing, the Government's adjusted offense level was 29, with a guideline range of 108 to 135 months.  The Government recommended a 108-month sentence.  The Court imposed a custodial sentence of 97 months.  (*See Judgment* [13-CR-3569 W-1, Doc. 105].)  This reflects a downward departure.  The plea agreement's collateral attack waiver applies.

Because of the collateral attack waiver, McGregor may not collaterally challenge her conviction based on the degree of her culpability.  See United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1993) ("[T]he question of the degree of [a defendant's]

culpability is an issue clearly contemplated by, and subject to, [a] plea agreement waiver [of the right to collaterally attack a conviction via a § 2255 petition].").

The Petition is **DENIED**. The clerk is directed to close the associated civil case.

As there are no filing fees or court costs associated with a § 2255 petition, see United States v. Briones, 2013 WL 5423613, at *1 (D. Ariz. Sept. 26, 2013), McGregor's petition to proceed IFP in connection with the Petition is **DENIED AS MOOT**.

**IT IS SO ORDERED**.

Dated: March 7, 2017

_____
Hon. Thomas J. Whelan
United States District Judge